IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARITY SOFTWARE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) 2:04-cv-1441 ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition is the MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 37(b), with brief in support (*Document Nos. 81 & 82*) filed by plaintiff Clarity Software, LLC ("Plaintiff"). In response thereto, defendant Allianz Life Insurance Company of North America ("Defendant") has filed its MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (*Document No. 85*), and Plaintiff has filed its REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS (*Document No. 87*). On October 14, 2005, the Court held a hearing/argument on the matter and took it under advisement.

Standard of Review

The Court "bears the responsibility and has authority to monitor the conduct of attorneys and litigants appearing before it." *In re Tutu Wells Contamination Litigation*, 162 F.R.D. 46, 62 (D.V.I. 1995). "With this court's authority comes the inherent power to impose sanctions against members of its Bar and to levy monetary sanctions against party litigants, both to vindicate its judicial authority and to make the prevailing party whole for expenses caused by an opponent's obstinacy or misconduct." *Id.* The Court's inherent authority to impose sanctions is complimented by Federal Rule of Civil Procedure 37(b), which provides, *inter alia*, that "[i]f a party fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just ..." Fed.R.Civ.P. 37(b).

Discussion

Plaintiff contends that Defendant should be sanctioned for its failure to comply with the July 14, 2005 Order of Court, which granted Plaintiff's Motion to Compel Responses to Discovery and ordered that Defendant take the following action:

1) Defendant shall fully, and without objection, respond to Request for Production No. 3 on or before July 26, 2005. This response shall include, but not be limited to, the production of documents regarding revenues from sales of Allianz annuities from April 16, 2004 to October 1, 2004;

2) Defendant shall fully, and without objection, respond to Interrogatories Nos. 2 and 8 on or before July 26, 2005. In compliance with this Order, Defendant shall produce all reports generated by the Allianz and Clarity software; correspondence, such as e-mails, through which such reports were dispatched to Allianz agents; information as to whether Allianz products were successfully sold after such correspondence was made; and information regarding the profits derived from such sales;

July 14, 2005 Order of Court (*Document No. 62*).[1]

Plaintiff also contends that Defendant failed to comply with the August 3, 2005 Order of Court (*Document No. 71*), which granted in part and denied part Defendant's motion for clarification of the foregoing July 14, 2005 Order of Court. The August 3, 2005 Order of Court decreed, *inter alia*, that "Defendant is required by the Court's Order of July 14, 2005 to produce information possessed by its independent agents notwithstanding the fact that Defendant considers said agents to be independent third parties." According to Plaintiff, Defendant has violated the Orders of Court by having failed to identify:

1) Any information regarding CD-ROMs shipped to its agents or the number or identity of agents who received or used CD-ROMs;
2) Any information regarding downloads of the software by agents

---

[1]. Request for Production No. 3 sought "[a]ll documents and things referring or relating to any revenues ... received by you as a result of your use or dissemination of the Allianz software, including documents showing revenues received by you from all sales of Allianz products in which the Allianz software was utilized." Interrogatory No. 2 sought, in relevant part, "the amount and source of all revenues received by you from sales generated by you as a result of the use or dissemination of the Allianz software." Interrogatory No. 8 sought "the amount of revenues received by you on a monthly basis from January 1, 2004, from all sales of annuity and IRA products, and any related products, resulting from the use by you or your agents of the Allianz software." *See* Motion to Compel (*Document No. 58*) at 2.

>    from its website from January through August, or the number or identity of agents who used the downloaded software;
> 3) Any information at all regarding sales by those agents who were the recipients of the software through either of those two modes of distribution; or
> 4) The reports generated by the software distributed via download or CD-ROM for the April 16 to October 1, 2004 time period.

Motion at 2-3.

Defendant contends that it fully complied with the July 14, 2005 and August 3, 2005 Orders of Court by having provided the requested information to the extent that it existed, and that the Motion for Sanctions "seeks to improperly interject new discovery issues, not addressed in the Court's orders, in the context of a motion for sanctions." Memorandum in Opposition at 1-3. Defendant contends that in an effort to comply with the July 14, 2005 Order of Court, it 1) hired a forensic computer firm to regenerate data from archived e-mail databases, 2) generated a 489 page e-mail contact log, 3) regenerated and produced thousands of pages of illustration outputs, 4) requested sales information from over 700 independent agents, 5) analyzed agent sales data to identify responsive information contained therein, 6) identified more than 200 responsive sales involving total premiums in excess of $20 million, and 7) provided sensitive profit information to Plaintiff, the total cost of which exceeded $35,000.00 *without* calculating the time spent on the various tasks by Defendant's in-house staff. Memorandum in Opposition at 2.

Based upon the representations set forth in Defendant's Memorandum in Opposition, the Declarations of Keith S. Moheban and Melissa O'Donnell attached thereto, the discovery documents submitted to the Court by Defendant, and the evidence and arguments presented at the October 14, 2005 hearing, the Court is unable to find that Defendant violated either the July 14, 2005 Order of Court or the August 3, 2005 Order of Court. Instead, based upon the foregoing evidence and arguments, it appears that Defendant made at least an adequate effort to comply with the two Orders of Court. However, this Memorandum Opinion should not be interpreted as an endorsement of Defendant's conduct; it simply does not appear that Defendant violated either of the two Orders of Court. Thus, Plaintiff's Motion for Sanctions will be denied.

<u>Conclusion</u>

     For the reasons hereinabove set forth, Defendant's Motion for Sanctions will be denied. An appropriate Order follows.

                                                           McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CLARITY SOFTWARE, LLC,** | ) |
| **Plaintiff,** | ) |
| v. | ) 2:04-cv-1441 |
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,** | ) |
| **Defendant.** | ) |

**ORDER OF COURT**

AND NOW, this 11th day of August, 2006, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Sanctions Pursuant to Fed.R.Civ.P. 37(b) (*Document No. 81*) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Bruce C. Fox, Esquire
Email: bruce.fox@obermayer.com

Yarone S. Zober, Esquire
Email: yarone.zober@obermayer.com

Marilyn J. Larrimer, Esquire
Email: mlarrimer@hwwlaw.com

Keith S. Moheban, Esquire
Email: keith.moheban@leonard.com

Erin Skold, Esquire
Email: erin.skold@leonard.com