IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARITY SOFTWARE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 2:04-cv-1441 |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court for consideration and disposition is PLAINTIFF'S MOTION FOR RECONSIDERATION (*Document No. 142*) of this Court's Memorandum Opinion and Order dated April 25, 2007 ("Memorandum Opinion"), which addressed various motions in limine. In a footnote, Plaintiff further expresses its intention to certify the order for interlocutory appeal. Defendant has filed a Brief in Opposition (*Document No. 145*), Plaintiff has filed a Reply Brief (*Document No. 146*) with supporting exhibits, Defendant has filed an OBJECTION TO NEW MATTER RAISED IN REPLY BRIEF AND VIOLATION OF PROTECTIVE ORDER (*Document No. 149*) and the matters are ripe for disposition.

Plaintiff's Motion for Reconsideration

The standard for evaluation of motions for reconsideration is well-known. A party must point to an intervening change in controlling law, new evidence that was not previously available, or the need to correct clear errors of law or fact to prevent manifest injustice. *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). In this case, Clarity concedes that there is no change in controlling law or new evidence. Rather, it contends that the Court's order contains clear errors of law and was manifestly unjust.

Specifically, Plaintiff challenges the Court's decision to grant Allianz' motion to exclude the testimony of Clarity's damages expert, Philip Brooks. Brooks was retained by Clarity to opine as to the damages associated with the alleged copyright infringement and damages

associated with the alleged breach of contract. Defendant raised numerous objections to Brooks' testimony regarding infringer's profits, including the contention that there is no evidence of causation, i.e., that any customer purchased an annuity as a result of the alleged infringement. Clarity argued that it is only required to proffer some minimal evidence that the infringement at least partially caused the infringer's profits, and that the burden then shifts to Defendant to demonstrate what profits are not properly attributable to the infringement. Clarity points to two cases in which courts have found an adequate nexus between sales tools and product sales. *See Andreas v. Volkswagon of America*, 336 F.3d 789 (8th Cir. 2003) (phrase used in TV commercial had nexus to sales of a particular car); *William A. Graham Co. v. Haughey*, 2006 WL 3386672 (E.D. Pa. 2006) (involving language used in insurance proposals). Thus, Clarity contends that the evidence of record has established a sufficient causal connection to support Brooks' damages opinion.

The Motion for Reconsideration does not warrant a lengthy analysis. Plaintiff has simply rehashed its earlier arguments. The Court's Memorandum Opinion acknowledged Plaintiff's arguments, cited and discussed the cases on which Plaintiff again relies, but concluded that Defendant's arguments and authorities were substantially more persuasive. In essence, the Court concludes that Plaintiff must demonstrate a direct causal link between the actual infringment and any subsequent indirect profits in order to satisfy the statutory requirement in 17 U.S.C. § 504(b) that the profits of the infringer be "attributable to the infringement." The Court further concludes that Plaintiff's evidence was not sufficient to meet this standard. The Court adheres to its analysis.[1] Accordingly, PLAINTIFF'S MOTION FOR RECONSIDERATION (*Document No. 142*) will be **DENIED**.

---

[1]The Court also adheres to its conclusion that the statutory reference to profits "of the infringer" makes it inappropriate for Brooks to eschew the actual profit percentages proffered by Allianz in favor of competitor data.

Certification for Interlocutory Appeal

In a footnote on page 25 of its Motion for Reconsideration, Plaintiff states its intent to seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The familiar standard for deciding whether to certify an issue for interlocutory appeal is succinctly set forth in *Russ-Tobias v. Pennsylvania Board of Probation and Parole*, 2006 WL 516771 (E.D. Pa. 2006):

> A district court may certify an order for an interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. 1292(b) (2006). In other words, I may certify an interlocutory order for immediate appeal where that order meets three conditions: "[t]he Order must (1) involve a controlling question of law, (2) offer grounds for difference of opinion as to its correctness, and (3) if appealed immediately[,] materially advance the ultimate termination of the litigation."

*Id.* at *32. Defendant did not respond to Plaintiff's notice, albeit in a footnote, of its intent to appeal. However, such input is not necessary as the Court has the authority to certify the order sua sponte. *Id.* at n.6 (citations omitted). The Court is mindful of the strong policy against piecemeal appeals and that certification is appropriate only in exceptional cases. *Id.*

The Court concludes that the standard is met in this case. The extent of a plaintiff's burden to prove causation under the Copyright Act is a controlling question of law. There are grounds for difference of opinion, as this Court has previously noted. The Memorandum Opinion recognized that "there appears to be a split of authority, with no direct guidance from the Third Circuit." Further, the Memorandum Opinion acknowledged that "the causation analysis is particularly difficult in cases, like the instant matter, in which the alleged infringement does not involve the product itself, but rather, is a part of a sales or promotional tool." The impact of this Court's ruling on Plaintiff's claim for damages is substantial - in the range of millions of dollars. Immediate resolution of the causation issue will materially advance the ultimate termination of the litigation. Accordingly, the Court certifies this issue for immediate appeal.

Pursuant to 28 U.S.C. § 1292(b), the Court of Appeals has discretion to permit an appeal taken from this order, if application is made to it within ten days. All proceedings in the district

court shall be stayed pending resolution of the appeal.

New Matters in Plaintiff's Reply Brief

Allianz raises two objections to Plaintiff's Reply Brief. First, Allianz complains that Clarity has violated the parties' protective order by including confidential information in an unsealed filing. The Court agrees and directs that Plaintiff immediately remove the confidential information and/or place its Reply Brief under seal.

Allianz also objects to pages 4 and 5 of the Reply Brief, in which Clarity seeks to present an alternative damages formula which would not involve competitor data. As Allianz properly points out, the Court's Practices and Procedures state that a reply brief shall be limited to addressing new arguments advanced by the opposition. Accordingly, the Court will not address the "alternative approach" to damages belatedly proposed by Clarity. In view of the Court's decision to certify the causation issue for interlocutory appeal, and its stay of further proceedings in this Court pending resolution of that appeal, Clarity may seek to file an appropriate motion when the case is returned to this Court. Allianz may file its response, if any, at that time as well.

In accordance with the foregoing, it is hereby ORDERED, ADJUDGED and DECREED as follows: PLAINTIFF'S MOTION FOR RECONSIDERATION (*Document No. 142*) is **DENIED;** the Court's Memorandum Opinion and Order dated April 25, 2007 is **CERTIFIED FOR INTERLOCUTORY APPEAL** pursuant to 28 U.S.C. § 1292(b), the Court being of the opinion that the issue of a plaintiff's burden to prove causation under the Copyright Act is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; all proceedings in this Court are stayed pending resolution of that appeal; and Plaintiff shall immediately remove the confidential information in its Reply Brief and/or place its Reply Brief under seal.

SO ORDERED this 5th day of June, 2007.

                                            BY THE COURT:

                                            s/ Terrence F. McVerry
                                            United States District Court Judge

cc:      Bruce C. Fox, Esquire
         Email: bruce.fox@obermayer.com

         Melissa L. Evans, Esquire
         Email: melissa.evans@obermayer.com

         Marilyn J. Larrimer, Esquire
         Email: mlarrimer@hwwlaw.com

         Keith S. Moheban, Esquire
         Email: keith.moheban@leonard.com

         Erin Skold, Esquire
         Email: erin.skold@leonard.com